[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 13, 2007
THOMAS K. KAHN
CLERK

No. 06-14275
Non-Argument Calendar

_____

D. C. Docket No. 05-20170-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

QUIANA RIGGINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 13, 2007)**

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Quiana Riggins appeals her sentence of imprisonment for 60 months

following the revocation of her probation. Riggins argues that the district court failed to consider the section 3553(a) factors and imposed an unreasonable sentence. We affirm.

Riggins's argument that the district court failed to consider the sentencing factors of section 3553(a) is unavailing. The district court is not required "to state on the record that it has explicitly considered each of the [section] 3553(a) factors or to discuss each of the [section] 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). It is clear from the sentencing transcript that the district court considered the section 3553(a) factors when it determined Riggins's sentence for violating her probation. The district court heard argument from Riggins's counsel about Riggins's history and characteristics and why a sentence within the Guidelines would provide adequate deterrence. The district court acknowledged the recommended Guidelines range and stated that it had considered the statements of the parties and the information contained in the violation report. The district court also had before it the presentence investigation report ("PSI") for Riggins's underlying offense. The PSI contained details of Riggins's offense conduct, criminal history, personal and family history, and financial condition. Based on our review of the entire sentencing transcript, we conclude that the district court adequately considered the section 3553(a) factors.

Riggins's argument that her sentence of 60 months of imprisonment, which was above the recommended range of 4 to 10 months of imprisonment, see United States Sentencing Guidelines § 7B1.4 (Nov. 2005), was unreasonable also fails. Riggins contends that the district court gave no explanation for the significant increase and that the resulting sentence was excessive. We disagree.

We review a sentence imposed upon revocation of supervised release for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1106–07 (11th Cir. 2006). We have also stated that we review the decision of a district court to exceed the recommended range for a sentence imposed following the revocation of probation for an abuse of discretion. United States v. Silva, 443 F.3d 795, 798 (11th Cir. 2006). Applying either standard of review, we affirm Riggins's sentence.

When we review a sentence for reasonableness, that review is deferential. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." Id. "When we review a sentence for reasonableness, we do not, as the district court did, determine the exact sentence to be imposed." Id. "We must evaluate whether the sentence imposed by the district court fails to achieve the purposes of

3

sentencing as stated in section 3553(a)." Id. "When reviewing the length of a sentence for reasonableness, we will remand for resentencing if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [section] 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006).

Riggins's sentence is reasonable. The district court varied from the advisory Guidelines range after Riggins committed the underlying offense, credit card fraud totaling over $10,000, on the heel of receiving leniency from the court when it sentenced her to probation and below the advisory Guidelines range of 4 to 10 months for her original offense. Riggins's original offense of wire fraud based on a fraudulent claim to FEMA for disaster relief was similar in nature. The district court stated that "the problem with [a low-end sentence]" was "that what we're seeing here is somebody that we gave a break to originally by giving them probation and it didn't work." Riggins engaged in the credit card fraud only three weeks after her term of probation began and while on home detention. Given the flagrant violation of the terms of her probation less than a month after receiving leniency from the district court in imposing the original sentence, we cannot say that we are left with a "definite and firm conviction that the district court

4

committed a clear error of judgment" when it imposed a sentence above the recommended Guidelines range. The decision to vary upward was not an abuse of discretion.

Riggins's sentence of 60 months of imprisonment is

**AFFIRMED.**